Kevin W. Babbit       #16717
**FAGAN EMERT & DAVIS, L.L.C.**
730 New Hampshire, Suite 210
Lawrence, Kansas 66044
(785) 331-0300 Telephone
(785) 331-0303 Facsimile
kbabbit@fed-firm.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**   ) | |
| ) | |
| **Plaintiff,**   ) | |
| ) | |
| vs.   ) | Case No. 23-10041-01 TO 09-EFM |
| ) | |
| **DEVON M. LOVE,**   ) | |
| **Defendant.**   ) | |

**SENTENCING MEMORANDUM**

### I. INTRODUCTION

One's age, like most of one's personal characteristics, can be viewed through either a positive or negative lens. Mr. Love is 24 years old. Although Mr. Love's youth certainly played a role in the poor decisions he made after he turned 15 years of age, his youth is going to help him change and rehabilitate. Mr. Love knows he has time to change, intends to make change, and has already taken the first steps towards permanent change through his early acceptance of responsibility in this case and through the productive steps he has taken while in federal custody.

The government and Mr. Love agree that a sentence in this case within the range of 144-168 months is a sentence which "assures that the defendant and the government will benefit from the bargain they have struck" and is a sentence which "serves the interests of justice and ensures a sentence consistent with the sentencing factors of 18 U.S.C. § 3553(a)" [1] Mr. Love requests

---

[1] PSR, para 30.

that this court issue a sentence of 144 months. He suggests that, in this case, such a sentence is one that is sufficient but not greater than necessary to comply with the statutory purposes of sentencing.

## II.     HISTORY

Mr. Love was indicted in this case on April 18th, 2023. A writ of Habeas Corpus Ad Prosequendum was issued on May 1st, 2023, as Mr. Love was in the custody of the Kansas Department of Corrections in the Winfield Correctional Facility. The arrest warrant was executed on May 8th, 2023, and Mr. Love was arraigned on that same day. [2] Mr. Love has remained in custody in the Butler County Detention Facility since that time.

On March 5th, 2024, Mr. Love entered a plea of guilty to Count one of the 2nd superseding indictment, Conspiracy to Distribute Fentanyl. A sentencing date of May 31, 2024, was set. On May 2, 2024, the United States Probation office submitted its Presentence Investigation Report (PSIR) to the Court. No objections were submitted by either the government or the defense. The PSIR determined a United States Sentencing Guidelines advisory range of 188 to 235 months incarceration with the Bureau of Prisons based on a total offense level of 32 and a criminal history category of V [3].

## III.    REQUEST FOR DEPARTURE PURSUANT TO U.S.S.G. 4A1.3

Mr. Love recognizes the calculated guideline range in this case exceeds the sentencing range agreed to by Mr. Love and the government. For several reasons, however, Mr. Love suggests a below guidelines sentence of 144 months in this case is a sentence that is sufficient but not greater than necessary to satisfy the statutory purposes of sentencing.

---

[2] PSIR, para 16-17
[3] PSIR, para 132.

One step that should be taken towards this determination is finding that Mr. Love's criminal history score of V is overstated in a manner that is not adequately taken into consideration by the Sentencing Guidelines. This court may depart downward when "a defendant's criminal history category significantly over-represents the seriousness of a defendant's criminal record.[4] As noted in the PSIR, Mr. Love was assessed a total of 4 criminal history points for three separate simple possession of marijuana convictions.[5] These convictions occurred over a short period of approximately three years. Even though these convictions were for a minor offense, the convictions ultimately created a major impact on Mr. Love's criminal history score. This impact is significantly greater than is justified.  If those convictions were not counted, Mr. Love would have a total of 8 criminal history points which would result in a criminal history score of IV.  With a criminal history of IV, the guideline imprisonment range would be 168-210 months.

## IV.     APPLICATION OF 18 U.S.C. § 3553(a) FACTORS TO DEVON LOVE

In *United States v. Booker,* 543 U.S. 220 (2005), the Supreme Court determined that district courts must consider all of the sentencing factors under 18 U.S.C. §3553(a)(1)-(7) without giving mandatory weight to the sentencing guidelines. The Sentencing Reform Act instructs a Court to impose a sentence "sufficient, but not greater than necessary," to comply with the stated purposes of sentencing. 18 U.S.C. § 3553(a).

### A.  Application of 18 U.S.C. $ 3553(a)(1)

#### 1. History and Character of The Defendant

---

[4] U.S.S.G. 4A1.3 (policy statement)
[5] PSIR, paragraphs 169-175

As noted, Mr. Love is only 24 years of age. He has been a lifelong resident of Wichita, Kansas. With no father in his life when he was young, he was raised primarily by his mother, Kristia Hervey. [6] Unfortunately, at age 15, Mr. Love began the series of poor decisions that have led to his current circumstances. He failed to meaningfully participate in high school and ultimately he quit attending. Shortly after he turned eighteen, he moved out of his mother's residence and moved in with his girlfriend. [7] From there, things did not get much, if any, better. Mr. Love was sentenced to 55 months in custody in November of 2022 in Sedwick County District Court for Attempted Racketeering based on actions taken by Mr. Love between May of 2015 and June of 2019. [8]

Mr. Love is not running away from his conduct over the last several years. Mr. Love is taking and has taken full responsibility for his actions, and he is not making any excuses for his conduct. Even so, it should not be ignored that Mr. Love's young age has played a role in the path he has taken. The most recent Amendments to the United States Sentencing Guidelines amend the current guidelines to recognize that a downward departure may be warranted due to youthfulness at the time of the offense or prior offenses. [9] The Amendment and policy statement advises:

> Certain risk factors may affect a youthful individual's development into the mid-20's and contribute to involvement in criminal justice systems, including environment, adverse childhood experiences, substance use, lack of educational opportunities, and familial relationships. In addition, youthful individuals generally are more impulsive, risk-seeking, and susceptible to outside influence as their brains continue to develop into young adulthood. Youthful individuals also are more amenable to rehabilitation. [10]

---

[6] PSIR, para 98, 102
[7] PSIR, para 101
[8] PSIR, para 76
[9] April 17, 2024 Amendments to the Sentencing Guidelines, §5H1.1 Age(Policy Statement)
[10] Id.

As a young individual without a father in his life, with a mother who seemed to have her own issues with the use of drugs, and without any real education, Mr. Love is an individual the Sentencing Commission intended to target.

While Mr. Love is not arguing that a formal departure should be granted for this factor, Mr. Love is asking the Court to consider his age and personal circumstances at the time of his prior offenses as well as at the time of this offense as a factor in determining whether 144 months is an appropriate sentence.

### 2. Nature and Circumstances of the Offense.

Mr. Love is cognizant of the seriousness of this offense. The PSIR notes the particular danger posed by fentanyl. Mr. Love suggests, however, that he was not intentionally placing individuals in danger. Further, unlike many cases involving the distribution of drugs, Mr. Love did not involve the use of firearms or threats of any kind.

### B. Application of 18 U.S.C. § 3553(a)(2)

In addition to the history and characteristics of the defendant and the nature and circumstances of the offense, 18 U.S.C. § 3553(a)(2) mandates that the Court consider "the need for the sentence imposed." The sentence should: (a) reflect the seriousness of the offense, promote respect for the law and provide just punishment for the offense; (b) afford adequate deterrence to criminal conduct; (c) protect the public from further crimes of the defendant, and (d) provide the defendant with needed education or vocational training, medical care or other correctional treatment in the most effective manner. Application of these factors to Mr. Love supports a sentence of 144 months.

### 1. Nature and Seriousness of the Offense

As noted above, this offense is a serious one. A sentence of 144 months, however, recognizes the seriousness of this offense. Mr. Love will be incarcerated for more than half the period that he has already been alive. He will be unable to participate in the vast majority of his children's lives. Rather than taking this as a negative, Mr. Love is doing everything he can to use these circumstances as a vehicle for positive change so he can return home as soon as possible to be a parent and a productive member of his community.

### 2. Need for Deterrence and Protecting the Public and Need for Educational or Vocational Training.

A sentence of 144 months in prison is sufficient to provide the necessary deterrence and protection of the Public. Mr. Love intends to permanently change his outlook on life, and he has already taken the first steps. As soon as he was placed in the temporary custody of the U.S. Marshall's at Butler County Detention Facility, Mr. Love chose to participate in the Orion Diploma Completion Program. Five or more days a week, Mr. Wheeler works on homework given by the Program. The other two days a week Mr. Love goes to the classroom where he takes instruction and tests. Mr. Love believes he will have completed at least 15 credits towards his high school diploma by his sentencing date. He has completed credits in Math, Science, Health, and History. He has only a few credits in English and History remaining.[11] While only time will tell, Mr. Love believes his actions so far are evidence that a 144-month sentence will be an adequate deterrence and evidence that he will make the most of the programs available to him in prison.

### IV. CONCURRENT SENTENCING

---

[11] Mr. Love expects a letter from the Orion Program Director to be submitted to the Court prior to the sentencing hearing.

In November of 2022, Mr. Love was sentenced to 55 months in the custody of KDOC for his conviction of Attempted Racketeering in Sedwick County District Court case no. 19 CR 1867. [12] Because he was in State custody when this indictment was issued, Mr. Love is on loan from the State of Kansas and is not formally in federal custody. Once this Court imposes sentence, Mr. Love will be returned to the custody of the State of Kansas so that he may complete his state sentence.

Mr. Love requests that this Court impose the sentence issued in this case concurrently with his State case. Such a sentence is permissible provided the Court considers the factors set forth in section 18 U.S.C. 3553(a). [13] Mr. Love understands that the events which occurred in this case occurred while he was on pretrial release in his state case. This fact certainly weighs in favor of imposing consecutive sentences. However, by his sentencing date, Mr. Love will have served nearly two years of his 55-month sentence. Any concurrent sentence would apply only to the remaining time he has to serve.

Additionally, when Mr. Love was transferred by the U.S. Marshall to the Butler County Detention Facility to face this indictment, Mr. Love was serving his state time at Winfield Correctional Facility (WCF). WCF is a minimum custody facility. It is not fully secure and supports offsite work programs. Once this federal sentence is imposed, Mr. Love will no longer be able to return to WCF. [14] With a lengthy outstanding federal sentence still to be served, Mr. Love's state custody classification will likely change to a facility with a medium or low medium classification. In such a facility, Mr. Love will not have access to many educational and vocational programs or options for work and he will be housed in a more secure facility with a

---

[12] PSIR, para 76
[13] 18 U.S.C.3584 and (b) and U.S.S.G 5G1.3(d)
[14] Information received from multiple communications with the head of Classification at Winfield Correctional Facility

higher degree of physical restraint. Ultimately, Mr. Love suggests that a concurrent sentence in this case is one which is supported by a consideration of all the factors required by 18 U.S.C. 3555(a).

### V. CONCLUSION

Mr. Love was one of the first individuals in this case to accept responsibility. This decision conserves both the government's and the Court's resources.  More importantly, this decision reflects Mr. Love's ownership of his actions and the beginning of his path to permanent change. Mr. Love's attitude with counsel, with correctional staff, and his proactive work on his education while incarcerated reflects a genuine desire to use his time of incarceration constructively and to his personal benefit. Mr. Love's close family will provide the additional support he needs along the way. Mr. Love again asks this court to find that a sentence of 144 months in prison is one which is sufficient but not greater than necessary to comply with the statutory purposes of sentencing.

Respectfully submitted,

/s *Kevin W. Babbit*
Kevin W. Babbit             # 16717
**FAGAN EMERT & DAVIS, L.L.C.**
730 New Hampshire, Suite 210
Lawrence, Kansas 66044
(785) 331-0300 Telephone
(785) 331-0303 Facsimile
kbabbit@fed-firm.com

### CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of May, 2024 I electronically filed the foregoing with the clerk of the court by using CM/ECF system which will send a notice of electronic filing to the following:

Lanny D. Welch
Lanny.Welch@usdoj.gov

                                          /s Kevin W. Babbit
                                          Kevin W. Babbit      #16717