**FILED**
U.S. District Court
District of Kansas

MAY 2 9 2024

Clerk, U.S. District Court
By_____Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

UNITED STATES OF AMERICA

Plaintiff,

v.                                                    Case No. 6:23-cr-10041-EFM-01

CALVIN L. WILLIAMS, Jr.,

Defendant.

**PLEA AGREEMENT PURSUANT TO FEDERAL
RULE OF CRIMINAL PROCEDURE 11(c)(1)(C)**

The United States of America, by and through Assistant United States Attorney Lanny D.

Welch, and Calvin L. Williams, Jr., the defendant, personally and with his counsel, David Freund,

hereby enter into the following plea agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules

of Criminal Procedure:

1.    **Defendant's Guilty Plea.**  The defendant agrees to plead guilty to Count 1 of the

Second Superseding Indictment charging a violation of 21 U.S.C. § 846, that is, Drug Conspiracy

(Fentanyl).  By entering into this plea agreement, the defendant admits to knowingly committing

the offense, and to being guilty of the offense.  The defendant understands that the maximum

sentence which may be imposed as to Count 1 of the Second Superseding Indictment to which he

has agreed to plead guilty is not less than 10 years of imprisonment and not more than Life, a

$10,000,000 fine, not less than 5 years of supervised release, and a $100.00 mandatory special

assessment.

2.    **Factual Basis for the Guilty Plea.**  The parties agree the facts constituting the

offense to which the defendant is pleading guilty are as follows:

Ver. 23-08

Prior to October 18, 2022, agents of the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), along with officers from the Wichita Police Department (WPD), opened an investigation into the drug trafficking activities of Calvin L. WILLIAMS, Jr. (the defendant). Law enforcement officers had identified multiple locations in Wichita, Kansas, being utilized by WILLIAMS, and others, to store and distribute quantities of Fentanyl and Methamphetamine.

Two of these locations were residences located at 1214 W. Casado and 1911½ S. Everett, both in Wichita, Kansas. Law enforcement officers had identified these locations through the use of physical surveillance, pole camera surveillance and by monitoring GPS tracking for WILLIAMS. WILLIAMS had been placed on GPS monitoring as part of his bond conditions for charges pending in Sedgwick County, Kansas, District Court. WILLIAMS was seen and/or identified going to both residences on multiple occasions in August-October of 2022. Search warrants were issued by U.S. Magistrate Judge Gwynne E. Birzer for both residences and they were executed on October 18, 2022.

During the execution of the search warrant at 1214 W. Casado, agents located a large safe in the garage. Once the safe was opened it was found to contain more than 24 kilograms of Fentanyl and more than 32 kilograms of Methamphetamine. The safe also contained multiple firearms. The agents were aware WILIAMS did not reside at the residence but they learned he did pay rent for the house and allowed a friend of his to live there with her children.

During the execution of the search warrant at 1911½ S. Everett agents located multiple pill presses in the residence, multiple pounds of binding powders used to manufacture pharmaceutical type pills, multiple dye stamps to imprint pills and more than 6 kilograms of finished pills found to contain Fentanyl. Although he did not reside there, WILLIAMS was paying rent for the location which he was using to manufacture pills.

Prior to October 18, 2022, WILLIAMS had joined with other members of the conspiracy charged in Count 1 to distribute Fentanyl. WILLIAMS obtained quantities of finished Fentanyl pills which he provided to other members of the conspiracy to distribute. He also purchased ingredients, materials and equipment to manufacture additional quantities of Fentanyl pills which were then distributed. If the controlled substances located at both 1214 W. Casado and 1911½ S. Everett had not been seized on October 18, 2022, WILLIAMS, along with other members of the conspiracy, had intended to distribute at least a portion of them.

2

3.    **Proposed Rule 11(c)(1)(C) Sentence.**    The parties propose, as an appropriate disposition of the case:

(a)    204-240 months in prison on Count 1, 21 U.S.C. § 846;

(b)    5 years of supervised release;

(c)    no fine; and

(d)    the mandatory special assessment of $100.00.

The Court has previously designated this case as complex, pursuant to Title 18, U.S.C. § 3161(h)(7)(B)(ii), because of the substantial number of defendants and the nature of the prosecution. This case charges two separate conspiracies, one involving fentanyl and the other involving methamphetamine, and multiple counts involving substantial quantities of controlled substances and firearms. The parties believe the requested range of 204-240 months is appropriate because it recognizes this defendant's role in the fentanyl conspiracy which was superior to the other members of the conspiracy. In addition, the parties seek this binding plea agreement as an appropriate disposition of the case, because if the Court permits itself to be bound by the proposed sentence, it brings certainty to the sentencing process; it assures that the defendant and the government will benefit from the bargain they have struck; it serves the interests of justice; and it assures a sentence consistent with the sentencing factors of 18 U.S.C. § 3553(a).

If the Court does not agree with the sentence, the defendant and United States may be restored to the positions they maintained prior to reaching this plea Agreement.  This plea agreement centers on the defendant's agreement to enter his guilty plea as soon as the Court's schedule permits, thereby preserving valuable Court, prosecution, defense, United States Probation Office, United States Marshals' Service and other law enforcement resources.

4.    **Application of the Sentencing Guidelines.**    The parties are of the belief that the proposed sentence does not offend the advisory sentencing guidelines.  Because this proposed

sentence is sought pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties are not requesting imposition of an advisory guideline sentence.

5.    **Government's Agreements.** In return for the defendant's plea of guilty as set forth herein, the United States agrees to:

      (a)    dismiss the remaining counts of the Second Superseding Indictment; the Superseding Indictment and the Indictment at the time of sentencing; and

      (b)    not file any additional charges against the defendant arising out of the facts forming the basis for the present Second Superseding Indictment.

6.    **Consequences for Violating the Plea Agreement.** The United States' obligations under this plea agreement are contingent upon the defendant's continuing to manifest an acceptance of responsibility. If the defendant denies or gives conflicting statements as to his involvement, falsely denies or frivolously contests relevant conduct the Court determines to be true, willfully obstructs or impedes the administration of justice, as defined by U.S.S.G. § 3C1.1 (or willfully attempts to do so), or has engaged in additional criminal conduct, the United States reserves the right to petition the Court for a hearing to determine if he has breached this plea agreement.

If the Court finds by a preponderance of the evidence that the defendant (1) has breached or violated this plea agreement; (2) has willfully obstructed or impeded the administration of justice, as defined by U.S.S.G. § 3C1.1 (or willfully attempted to do so); (3) has engaged in additional criminal conduct; or (4) has otherwise failed to adhere to this plea agreement's terms, this plea agreement will be deemed null and void, and the United States may pursue any additional charges arising from the criminal activity under investigation, as well as any charges for any perjury, false statement, or obstruction of justice that may have occurred.

7.    **Whether to Accept the Proposed Plea Agreement and Sentence is Up to the Court.**  The Court has no obligation to accept the proposed plea agreement and sentence.  It is solely within the Court's discretion whether to accept the proposed binding plea agreement as an appropriate disposition of the case.

8.    **Withdrawal of Plea Permitted Only if the Court Does Not Accept the Plea Agreement and Proposed Sentence.**  If the Court agrees to be bound by the proposed plea agreement and sentence, the parties shall be bound by all the terms of the proposed plea agreement and the defendant will not be permitted to withdraw his guilty plea.  If the Court announces that it will NOT be bound by the proposed plea agreement, the parties agree that at that time either party may withdraw the proposed plea agreement, and if either does so, then all parties will be restored to the positions they were in prior to the entry of the defendant's plea.  If neither party elects to withdraw the proposed plea agreement at the time the Court announces that it will not be bound, and before the Court proceeds with sentencing, then the parties shall be bound by all the terms of the proposed plea agreement and the defendant will not be permitted to withdraw his guilty plea.

9.    **Payment of Special Assessment.**  The defendant understands that a mandatory special assessment of $100.00 per count of conviction will be entered against him at the time of sentencing.  The defendant agrees to deliver to the Clerk of the United States District Court payment in the appropriate amount no later than the day of sentencing.  The defendant has the burden of establishing an inability to pay the required special assessment.  The parties acknowledge that if the Court finds the defendant is without resources to pay the special assessment at the time of sentencing, the Court may allow payment during his period of incarceration.

10.    **Forfeiture of Assets.**  The defendant agrees to the forfeiture of the following property to the United States:

5

A.    a Glock, Model 29Gen4, 10mm pistol, S/N BELR356
B.    a Ruger, Model AR-556 rifle, S/N 85919886;
C.    a Glock, Model 23, .40 caliber pistol, S/N BWHS615;
D.    a Glock, Model 23, .40 caliber pistol, S/N BXHP657;
E.    a Lorcin, Model L9, 9mm pistol, S/N L125410;
F.    a Ruger, Model SR9C, 9x19 caliber pistol, S/N 332-83815;
G.    an American Tactical Imports-ATI, Omni Hybrid pistol, S/N NS155159;
H.    a Smith & Wesson M&P, .40 caliber pistol, S/N HAM3251;
I.    Ammunition seized on October 18, 2022;
J.    Ammunition seized on April 21, 2023;
K.    $809.00 seized on October 18, 2022; and
L.    $1,886.00 seized on October 18, 2022.

The defendant agrees that this property was property used to facilitate the commission of Count 1 and property that constitutes proceeds the defendant obtained, directly or indirectly from the commission of Count 1. The defendant knowingly and voluntarily waives his right to a jury trial regarding the forfeiture of property, and voluntarily waives all constitutional, legal and equitable defenses regarding the forfeiture of property and withdraws any administrative claim or petition for remission regarding the property. The defendant acknowledges and agrees that the forfeiture of this property shall not be deemed an alteration of his sentence or this agreement, and shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture. Additionally, the defendant agrees to the immediate entry of the Preliminary Order of Forfeiture, and agrees to sign any and all documents necessary to effectuate the forfeiture and transfer of his interest and possession of the property identified in this paragraph to the United States prior to the imposition of sentence.

11.    **Waiver of Appeal and Collateral Attack.**    The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, his conviction, or the components of the sentence to be imposed herein, including assessments and restitution, as well as the length and conditions of supervised release. The defendant is aware that 18 U.S.C. § 3742 affords him the right to appeal the conviction and

sentence imposed.  The defendant also waives any right to challenge his sentence, or the manner in which it was determined, or otherwise attempt to modify or change his sentence, in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255 (except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)), or a motion brought under Federal Rule of Civil Procedure 60(b).  In other words, the defendant waives the right to appeal the sentence imposed in this case, except to the extent, if any, the Court departs or varies upwards from the sentencing Guideline range that the Court determines to be applicable.  However, if the United States exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received, as authorized by 18 U.S.C. § 3742(a).  Notwithstanding the foregoing waivers, the parties understand that the defendant in no way waives any subsequent claims with regards to ineffective assistance of counsel or prosecutorial misconduct.

12.     **FOIA and Privacy Act Waiver.**  The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552. The defendant further waives any rights conferred under the Privacy Act of 1974, 5 U.S.C. § 552a, to prevent or object to the disclosure of records or materials pertaining to this case.

13.     **Full Disclosure by United States.**  The defendant understands the United States will provide to the Court and the United States Probation Office all information it deems relevant to determining the appropriate sentence in this case.  This may include information concerning his background, character, and conduct, including the entirety of his criminal activities.  The defendant understands these disclosures are not limited to the count to which he is pleading guilty.  The United States may respond to comments he or his attorney makes, or to positions he or his attorney

takes, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this plea agreement. The defendant also has the right to provide information concerning the offense and to make recommendations to the Court and the United States Probation Office.

14.     **Parties to the Agreement.** The defendant understands this plea agreement binds only him and the United States Attorney for the District of Kansas, and that it does not bind any other federal, state, or local prosecution authority.

15.     **No Other Agreements.** The defendant has had sufficient time to discuss this case, the evidence, and this plea agreement with his attorney and he is fully satisfied with the advice and representation his attorney provided. Further, the defendant acknowledges that he has read the plea agreement, understands it, and agrees it is true and accurate and not the result of any threats, duress or coercion. The defendant further understands that this plea agreement supersedes any and all other agreements or negotiations between the parties, and unless subsequently supplemented in writing with the joint approval of the parties, this plea agreement embodies each and every term of the agreement between the parties. The defendant acknowledges that he is entering into this plea agreement and is pleading guilty because he is guilty. He further acknowledges that he is entering his guilty plea freely, voluntarily, and knowingly.

_____                    Date:___5/29/2024___
LANNY D. WELCH
Assistant United States Attorney

_____ for               Date:___5/29/2024___
AARON L. SMITH
Chief of the Criminal Division

8

_____          Date: 29 May 2024
CALVIN L. WILLIAMS, Jr.
Defendant

_____          Date: 29 May 2024
DAVID FREUND
Counsel for Defendant